Dan R. HALL, Plaintiff,

v.

UNITED STATES of America et al.,
Defendants.

Civ. A. No. 1942.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

June 20, 1966.

Leonard B. Melvin, Jr., Melvin, Melvin & Melvin, Laurel, Miss., for plaintiff.

Kalford C. Ratcliff, Pack & Ratcliff, Laurel, Miss., for Burk-Hallman Paint Co.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for United States of America.

WILLIAM HAROLD COX, District Judge.

This is an interpleader suit instituted by the plaintiff as prime con-

tractor on a public school job in Laurel, Mississippi, interpleading the sum of thirty-nine hundred thirty-four dollars eighty-two cents under 28 U.S.C. § 1335, 1958 Edition. The question presented to the Court is as to whether these monies belong to the United States or a subcontractor on this job. The plaintiff was prime contractor. Jack J. Martin was the paint subcontractor. Burks-Hallman Company furnished said subcontractor materials which were used on this public job in the amount of thirty-nine hundred thirty-four dollars eighty-two cents. The sub contractor owes the United States for withholding taxes and income taxes the principal sum of three thousand twenty-one dollars sixty-nine cents. The United States made a levy on funds in the hands of said prime contractor due said subcontractor in the principal sum of twenty-nine hundred fifty-seven dollars fifty-five cents, according to stipulation. The question thus posed is as to subcontractor's (Martin) interest in such funds as resolved by state law. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365; United States v. Durham Lumber Company, 80 S.Ct. 1282, 363 U.S. 522, 4 L.Ed. 2d 1371. The burden is on the United States to show that Martin has an interest in such funds which is subject to levy. There are some legal principles which may be presently stated as influencing this decision. Section 9014 Mississippi Code 1942 required the prime contractor to execute a payment bond to the public agency conditioned to pay for labor and material used on this job. One furnishing labor and material on such a job would have and could acquire no lien on the subject property. A suit could be instituted by any laborer or material man. A suit may be brought on such bond after six months after published notice of performance and settlement of the contract and within one year thereafter under § 9016 Mississippi Code 1942. Before commencing work on this job, the subcontractor (Martin) directed the prime contractor (Hall) to issue all checks for the entire contract price of seventy-four hundred dollars payable to him and defendant (Burks-Hallman Company) and the prime contractor agreed to do so. Thirty-three hundred forty dollars on said contract price was disbursed in such manner prior to this levy on September 15, 1964 which precipitated this action. No decision is cited or has been found on independent research exactly in point. No provision is made by any statute in this state for a payment bond from a subcontractor to a prime contractor. It may not be gainsaid on this record that plaintiff and his statutory surety owe this material man thirty-nine hundred thirty-four dollars eighty-two cents. There is nothing in this record to show or even indicate that this plaintiff owes this tax debtor (Martin) any part of said fund in suit. It is a direct obligation of Hall under the facts and circumstances in this case. It was the property of this material man which created and gave rise in its entirety to this fund in suit. It is unthinkable to this Court that this fund in this case under these facts could be said to belong in whole or in part to Martin and, therefore, be subject to his tax debt. If this fund were subject to appropriation for this tax in this case then this material man would compel this plaintiff and his surety to pay this debt again when such debt would have been already discharged by this interpleader. The surety would compel reimbursement from the plaintiff with the result that this interpleader is designed to prevent.

It is the considered view of this Court that this fund in suit in its entirety belongs to Burks-Hallman Company as between it and the United States, after payment of costs. This is a pure interpleader action and shall remain that and nothing more. The intervention and claim of the United States herein will be denied. The third party complaint of Burks-Hallman Company will be dismissed without prejudice to the rights of all parties in interest to assert claims in state court for labor done and material furnished on this job. A judgment accordingly may be presented.